Yes, I can, Your Honor, and thank you for allowing me to appear today. Yes, there is. I'll be very brief. How much time would you like? In minutes, if possible. Five, seven, ten, fifteen. What do you want? Five minutes is fine. Thank you. You may proceed. Okay. My appeal relies on two cases, PGA v. Hoban and a subsequent case of momentum development, which is included in the brief. At the start of the case, through now, the facts are plain. When the debtor ran out of money and couldn't pay me, she gave me a deed of trust and a note for $4 million. She essentially pledged all of her equity in her property to guarantee that I would be paid so that I wouldn't quit. But the problem, sir, is that that underlying claim has been adjudicated in the prior case and has been decided against you. This panel has affirmed that decision on the claim objection. Well, that's true, but under PGA, the note, if it's worth nothing, is irrelevant if you can't get rid of the deed. No, that's wrong, sir. The note is the obligation of the debt. The lien is the security. If there's no debt, you may have a lien, but it secures nothing and it has to yield to the fact that there's nothing owed. Under PGA, a trial court ruled that the note was worthless, that the transaction was a sham, and PGA won that case and took title to the property. And then when they tried to get rid of the deed of trust, the state court said, no, you can't remove it because you're barred by the statute of repose. The morgue, the fellow who recorded the fraudulent transaction, foreclosed on his deed of trust for the face value of the note, which a trial court, as in the bankruptcy court, has ruled is worth zero. So based upon the PGA case, the value of the note is irrelevant if you don't get rid of the deed of trust, because even if the note is worth zero, you can't get rid of the deed of trust seven years after it's recorded. And that's what happened in PGA. Now, the bankruptcy court initially said that that didn't apply. PGA didn't apply unless fraud was a fraudulent transfer. Yeah. And this is not a fraudulent transfer, though. Well, it doesn't matter on page eight of the Momentum case. It says that I'm looking at the statute and the statute says unless these actions are taken seven years under this chapter. And you'll agree with me that the chapter that's referencing is fraudulent transactions, correct? No, I don't agree with that, because under the Momentum case written by the bankruptcy judge that I confronted, it says that it's not limited to fraudulent transfers. And I conform my behavior to what the bankruptcy judge who co-authored the Momentum case had written. And so the uniform statute applies to all transfers. And I think that's included in the statute. And what was the transfer here that you're complaining about, that is being complained about? Well, I was given a deed of trust, a note and a deed of trust that said, I'll pay you if you don't quit. And that's the only contract that I had with the debtor. And the date the obligation became due was on June the 1st, 2015. I didn't challenge the court's jurisdiction on that simply because the four year statute on the note would have run on June the 1st, 2019. And that would have been within the court's four year look back period. But with respect to the deed of trust, no. As California law states specifically, the transfer occurs on the date the deed is recorded and the obligation incurred occurs on the date it's due. So based upon that, the statute of repose bars courts from setting aside the deed of trust under PGA. It's irrelevant as to whether the promissory notes worth anything at all, because in that case, it wasn't. And under PGA, it was the deed of trust that controlled. In foreclosing a deed of trust, though, don't you have to identify what debt is owed? Absolutely. In PGA, they foreclose on the face value of the note, which was, I think, six hundred thousand dollars, even though no consideration had been paid. But Mr. Reynolds, excuse me, it appears that this appeal is about a determination by the bankruptcy court that your continued action against the estate constituted a frivolous action and it awarded damages. This is not a question of whether or not your deed of trust is valid and foreclosable or whether you could or couldn't take actions, as you suggested. So could you address the merits of this particular appeal? Well, sure. If the court would have decided its jurisdiction at the beginning of the case, there wouldn't have been any attorney fees accrued at all. I'm challenging jurisdiction. When the BAP ruled on this on the prior case, they said that the trustee was not attacking the deed of trust. Likewise, the bankruptcy judge said that as well. On page eight of the momentum case, it says that somebody can attack. The note and then go well in the later and get the deed removed. But if you can't get the deed removed, then that's the end of it. They didn't have jurisdiction to do this. I might also add that the trustee filed a motion for mootness with the Ninth Circuit. The Ninth Circuit said it wasn't moot. Therefore, it's not frivolous. And beyond that, I would say that when I told the judge at the start of the case that the debtor had filed two bankruptcy cases within one month and that those cases were brought with fraudulent intent, that I was telling the truth because of September the 9th, 2024. That's exactly what the Ninth Circuit ruled. So I'm being penalized. You know, I can't blame the judge for not believing me when I told him that. But yes, if you bring two bankruptcy cases within a month with fraudulent intent. The case should not have been allowed to proceed. And if had that occurred, then I wouldn't have had to fight this thing as long as I have. But I think the PGA case is very clear and substantiates my position. And that's all I have to say for now. All right. Thank you. We'll give you the rest of the time and your reply. Mr. Maher. Good morning. May it please the court. This once again, I think, has been briefed pretty well. The court, the panel has questions. I'm I'm here. Any questions? I don't. Any questions? I think we we've read the briefs and have a pretty good understanding of the situation. Thank you. Mr. Reynolds, you do have roughly seven minutes of time left. There wasn't much to reply to. But if you want to add anything, I'll give you that opportunity. Sure. I appreciate the opportunity. The bottom line is simple. The deed of trust was recorded on June 25th, 2010. The court's authority to set aside that deed of trust expired on June 25th, 2017. That's more than four years outside the trust trustees look back window. And with respect to the obligation incurred, that was on June 1st, 2015. Even if you want to extend it to the four year statute running on the note, that would be June 1st, 2019, which would be in the trustees for your look back window. But once again, PGA is applicable. And under PGA, if you can't get rid of the deed of trust, the foreclosure is allowed to go forward for the face value of the note. And that's what occurred in that case. And that's all I have to say. All right. Thank you very much. Matter will be deemed submitted and we'll try to get a decision as soon as possible. Thank you for your argument. Thank you.
judges: Spraker, Gan, Corbit